UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE NAEYAERT,

          Plaintiff,

v.                    Case No.  8:10-cv-400-T-33TBM

EAST COAST PULMONARY AND
CRITICAL CARE ASSOCIATES, INC.,
PAUL CHAKOLA, and MARLENY
CHAKOLA,

          Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment Due to Lack of Subject Matter Jurisdiction. (Doc. # 12).  Plaintiff filed a Response in Opposition to the Motion on May 20, 2010 (Doc. # 17), and Defendants filed a Reply Memorandum on June 2, 2010. (Doc. # 20).  The Court has reviewed all pertinent documents and portions of the record and is fully advised in the premises.  For the reasons stated below, the Court denies the Defendants' Motion, without prejudice, as premature.

**I. Background**

Defendant Paul Chakola is a physician who owns and operates East Coast Pulmonary and Critical Care Associates, Inc. ("East Coast") as its president and only member. (Doc. # 12-1 at 1).  Defendant Marleny Chakola is Dr. Chakola's wife

and a volunteer at East Coast, beginning in December 2008. (Doc. # 12-2 at 1).

Plaintiff was employed as office manager of East Coast from April 2006, to August 2009. (Doc. # 1 at 2). Plaintiff's main duties while employed by East Coast included scheduling appointments, calling patients to remind them of appointments, collecting and maintaining patient information, taking patients' vital statistics, answering phones, maintaining inventory, handling correspondence, keeping the office clean, filing papers, and maintaining financial records. (Doc. # 17-1 at ¶ 3). Plaintiff avers that her duties also included ordering medical supplies, devices, and medications from both in and out of state vendors. (Id.)

On February 8, 2010, Plaintiff filed this action against Defendants alleging that Defendants did not pay Plaintiff: the full minimum wage for hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 (Count I); overtime payments of time and one half of the regular rate of pay for overtime hours worked in violation of the FLSA, 29 U.S.C. § 207 (Count II); and full wages owed in violation of an employment contract (Count III). (Doc. # 1 at 3-5).

Defendants have moved to dismiss this case for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

Civil Procedure.   In the alternative, Defendants have requested an order granting summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

II. **Analysis**

    A. **Rule 12(b)(1) and Rule 56 Considerations**

The Court will review the motion as a motion for summary judgment under Rule 56 because the Court may not review the motion under Rule 12(b)(1).   In Turcios v. Delicias Hispanas Corp., a FLSA case involving a factual attack on jurisdiction, the court held that the Rule 56 standard, and not the Rule 12(b)(1) standard, must be used when dealing with a jurisdictional matter that is "intertwined with the merits of the cause of action." 275 F. App'x 879, 880 (11th Cir. 2008).

This occurs when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. at 881.   In Turcios, the court noted that in addressing FLSA jurisdiction, "the same operative fact determines whether the plaintiff can recover under the statute and the scope of the statute's coverage." Id.[1]

---

[1] In Turcios, the district court granted a defendant's Rule 12(b)(1) motion to dismiss in which the defendant asserted that the plaintiff, a restaurant worker, could not

In <u>Turcios</u>, the court cautioned that "the district court should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action*." <u>Id.</u> at 880 (emphasis in original). Here, as in <u>Turcios</u>, the jurisdictional requirements are so inextricably intertwined with the merits of Plaintiff's case that to engage in a Rule 12(b)(1) analysis at this stage of the proceedings would be inappropriate.[2]

While <u>Turcios</u> calls for summary judgment analysis, summary judgment under Rule 56 is not appropriate at this juncture. Plaintiff has filed a motion to compel discovery particularly related to jurisdictional issues. (Doc. # 32). In addition, Plaintiff has requested that this Court delay ruling on any summary judgment issues pursuant to Rule 56(f),

establish the required jurisdictional facts necessary to satisfy the FLSA. The Eleventh Circuit reversed and remanded, calling for Rule 56 summary judgment analysis, rather than Rule 12(b)(1) analysis.

[2] Both the overtime and minimum wage provisions of the FLSA require that the plaintiff provide either that the plaintiff was engaged in commerce or employed by an enterprise engaged in commerce. 29 U.S.C. §§ 206, 207 (2006).

A court must look to the definition section of the statute to determine the scope of coverage under the FLSA. <u>See</u> 29 U.S.C. § 203 (2006). "Enterprise engaged in commerce" is a defined phrase in Section 203(s)(1)(A). Therefore, the sections that provide for substantive relief under the FLSA, § 206 and § 207, are dependent on the section of the FLSA, § 203, that defines the scope of the FLSA.

4

until Plaintiff is able to obtain discovery on jurisdictional issues.

### B. **Plaintiff's Rule 56(f) Request**

Plaintiff has specifically asserted a Fed.R.Civ.P. 56(f) request. (Doc. # 17 at 13).  Rule 56(f) states in pertinent part:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1)  deny the motion;
> (2)  order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3)  issue any other just order.

Fed.R.Civ.P. 56(f).

The Eleventh Circuit has considered the purpose and application of Rule 56(f), Fed.R.Civ.P., on a number of occasions.  In <u>Reflectone, Inc. v. Ferrand Optical Co., Inc.</u>, 862 F.2d 841 (11th Cir. 1989), the court explained:

> Rule 56(f) specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion.  The party seeking to use rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how the postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

5

Reflectone, Inc., 862 F.2d at 843.  Furthermore, in Harbert

International, Inc. v. James, 157 F.3d 1271 (11th Cir. 1998),

the court expounded upon the requirements for relief under

Rule 56(f), Fed.R.Civ.P., as follows:

> A Rule 56(f) motion must be supported by an
> affidavit which sets forth with particularity the
> facts the moving party expects to discover and how
> those facts would create a genuine issue of
> material fact precluding summary judgment. Whether
> to grant or deny a Rule 56(f) motion for discovery
> requires the court to balance the movant's
> demonstrated need for discovery against the burden
> such discovery will place on the opposing party.

Harbert, 157 F.3d at 1280 (internal citations omitted).

In the present case, Plaintiff's request to postpone the

summary judgment proceedings so that she can obtain further

evidence comes well in advance of the close of discovery.

Although Plaintiff has not formally tendered an affidavit

indicating the facts she expects to discover, she has filed

her motion to compel discovery on specific jurisdictional

issues.  In lieu of an affidavit, the Court will accept her

assertions as stated in her Response to the Motion (Doc. # 17

at 12-13), as well as her motion to compel discovery (Doc. #

32).

In evaluating the Rule 56(f) request, the Court must

"balance the movant's demonstrated need for discovery against

the burden such discovery will place on the opposing party."

6

<u>Harbert</u>, 157 F.3d at 1280.  The Court has evaluated the information requested by Plaintiff and believes the Rule 56(f) request is appropriate, especially because the discovery deadline does not expire until December 15, 2010. (Doc. # 23).

**II. <u>Conclusion</u>**

As reflected above, the <u>Turcios</u> case mandates summary judgment, rather than Rule 12(b)(1) jurisdictional analysis. 275 F. App'x at 880.  Nevertheless, Defendants' request for summary judgment is due to be denied without prejudice as premature. The Court reaches this conclusion *inter alia*, because discovery is ongoing, Plaintiff has specifically requested discovery on jurisdictional issues, and her discovery request is currently the subject of a pending motion to compel.  Defendants may reassert their arguments at a later time in these proceedings via an appropriate motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendants East Coast Pulmonary and Critical Care Associates, Inc., Paul Chakola, and Marleny Chakola's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment (Doc. # 12) is **DENIED** without prejudice, as prematurely asserted.

(2)  Defendants may reassert their arguments at a later time

7

in these proceedings via an appropriate motion.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>5th</u>

day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record